FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIDNEY JACOBS, | No. 08-17765 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00640-RLH-LRL |
| v. | |
| MANDALAY CORP., DBA Mandalay Bay Resort and Casino, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief District Judge, Presiding

Argued and Submitted March 8, 2010
San Francisco, California

Before: HALL, NOONAN and THOMAS, Circuit Judges.

Sidney Jacobs ("Jacobs") filed suit on behalf of himself and a putative class

of plaintiffs against Mandalay Bay Corporation ("Mandalay") and unnamed

defendants in Nevada state court. In his complaint, Jacobs claims that Mandalay

failed to pay overtime wages to Jacobs and similarly situated employees in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

violation of Nevada law. Mandalay removed the case to the United States District Court for the District of Nevada, asserting that Jacobs's case presents a federal question that bestows subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Once in district court, Jacobs moved to amend his complaint and remand to state court. The district court denied Jacobs's motions, holding that Jacobs's claim is subject to preemption under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). The district court then granted Mandalay's motion to dismiss for Jacobs's failure to exhaust non-judicial remedies pursuant to the collective bargaining agreement between Jacobs and Mandalay. We now review the district court's denial of Jacobs's motions to amend and remand, and we reverse.

We review de novo the district court's finding of preemption under section 301 of the LMRA. *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (en banc). For this analysis, we rely on Jacobs's proposed "Second Amended Complaint" because dismissal without leave to amend is improper unless "the complaint could not be saved by any amendment." *See Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

Jacobs is a banquet server employed by Mandalay, and his employment is governed by the terms of a collective bargaining agreement ("CBA"). The CBA

sets forth an agreement that banquet servers are to be paid an hourly wage and a set percentage of banquet service charges, called "gratuities." It contains no provision for overtime wages for banquet servers. In his complaint, Jacobs alleges that Mandalay's failure to pay overtime wages constitutes a violation of Nevada Revised Statute section 608.018, which requires that employers pay overtime to all employees except certain exempt classes. *See* NEV. REV. STAT. § 608.018(1)-(3).

Preemption under section 301 requires a two-step analysis. *See Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). First, we must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Id.* If the right is conferred by the CBA, preemption applies, but if it is conferred by state law, the inquiry moves to step two.

Here, the right claimed by Jacobs clearly inheres in the Nevada statute. Jacobs's Second Amended Complaint asserts a cause of action only under section 608.018(2), and makes no claim to a violation of the CBA. While section 608.018 exempts from coverage those employees "covered by collective bargaining agreements which provide otherwise for overtime," NEV. REV. STAT. § 608.018(3)(e), Mandalay does not claim that the CBA provides for overtime for

3

banquet servers.  Because Jacobs's right to overtime is conferred by state law, independent of the CBA, we move to step two.

At the second step, we must determine whether Jacobs's claim is "nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Burnside*, 491 F.3d at 1059 (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987)).  If the claim requires the court to "interpret," rather than merely "look to," the CBA, then the claim is substantially dependent on the CBA and is preempted by section 301.  *See id.* at 1060.

Mandalay argues that Jacobs may be "exempt" from protection under state law, and that the court must interpret the terms of the CBA to determine whether Jacobs is in fact exempt.  However, under the Supreme Court's decision in *Livadas v. Bradshaw*, a purported waiver or bargaining away of state law protections would have to be "clear and unmistakable . . . for a court even to consider whether it could be given effect."  512 U.S. 107, 125 (1994) (internal quotations and citations omitted).  That a CBA lacks a clear waiver of state rights requires only that the court look to, and not interpret, the CBA.  *Burnside*, 491 F.3d at 1071.  Here, there is no clear statement that banquet servers have bargained away their state law overtime protections.

Section 608.018 provides that overtime pay is to be calculated at one and a half times an employee's regular wage rate. NEV. REV. STAT. § 608.018(1)-(2). For employees paid other than by an hourly wage rate, Nevada Administrative Code section 608.125 sets forth a method for calculating an hourly rate for the purpose of overtime pay. NEV. ADMIN. CODE § 608.125(2). The CBA does not need to be interpreted.

The parties dispute whether Jacobs's "regular wage rate" under section 608.018 includes only his hourly wages, or includes both his hourly wages and his per job commissions, such that section 608.125 would also apply to him. Contrary to the district court's finding, the meaning of "regular wage rate" as provided in section 608.018 is a question of state law, requiring no reference to the terms of the CBA. Depending on Nevada's definition of "regular wage rate," a court can calculate the exact amount of overtime pay that is owed by looking to the CBA and the past wages paid. Referring to the CBA in this way, for the purpose of calculating damages, does not require an interpretation of the CBA. *See Livadas*, 512 U.S. at 125 ("[T]he mere need to 'look to' the collective-bargaining agreement for damages computation is no reason to hold the state-law claim defeated by § 301."); *Burnside*, 491 F.3d at 1074 ("[D]amages *may* have to be calculated, and in the course of that calculation, reference to—but not interpretation of—the CBAs,

5

to determine the appropriate wage rate, would likely be required.").  Accordingly, resolution of Jacobs's overtime claim does not substantially depend on the terms of the CBA, and therefore the claim is not preempted by section 301.

Because we hold that Jacobs's claim for overtime wages is not preempted under section 301, we **REVERSE** the decision of the district court, and **REMAND** with instructions to remand to the Eighth Judicial District Court of the State of Nevada, Clark County.